MAR 24 2026 PM2:14
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT                Case No. 8:26-CV-792-KKM-SPF

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Randy K. Strickland II,
Plaintiff,

v.

AT&T Services, Inc., and AT&T Inc.,
Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE ACTION

1. This is an action for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, interference, constructive discharge, and related relief under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. (the "ADA"), including 42 U.S.C. § 12203.

2. This is not a case involving the denial of an accommodation. Defendant:

   o  approved Plaintiff's accommodation,

   o  allowed Plaintiff to rely on it, and

   o  then knowingly undermined and effectively revoked it.

3. Defendant hired Plaintiff into a remote-designated role, permitted him to perform successfully for years, and formally approved continued remote work as a reasonable accommodation.

4. Defendant later replaced Plaintiff's approved accommodation with a disability-leave pathway, stating:

"In these instances… the request for restrictions or accommodations will be administered through the disability claim."
(Exhibit D)

5. Defendant then directed Plaintiff toward short-term disability as the "best option," despite the existence of a functioning accommodation.

6. When that process failed, Defendant refused to restore Plaintiff to his working status, resulting in predictable wage loss, financial harm, and ultimate separation.

7. Defendant did not deny Plaintiff an accommodation—it approved one, allowed Plaintiff to rely on it, and then undermined and effectively revoked it when it became inconvenient.

8. Defendant's actions reflect a systemic decision to prioritize corporate policy over federally protected rights, taken with full knowledge of Plaintiff's disability and its consequences.

9. But for Plaintiff's disability and need for accommodation, Defendant would not have interfered with his continued remote work or subjected him to the adverse actions described herein.

10. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

12. Venue is proper because a substantial part of the events occurred in this District and Plaintiff worked from this District.

## III. PARTIES

13. Plaintiff, Randy K. Strickland II, is a Florida resident and a disabled United States Air Force veteran with a 90% service-connected disability rating.

14. Defendant AT&T Services, Inc. is an employer under the ADA and conducts business in Florida.

15. Defendant AT&T Inc. controls relevant employment policies and practices.

## IV. ADMINISTRATIVE EXHAUSTION

16. Plaintiff filed EEOC Charge No. 511-2025-04267.

17. The EEOC issued a Notice of Right to Sue, attached as Exhibit A and incorporated herein.

18. Plaintiff filed this action within ninety (90) days.

19. All conditions precedent have been satisfied.

## V. FACTUAL ALLEGATIONS

### A. Remote Role and Proven Performance

20. Plaintiff began working for Defendant in June 2021 as a Senior Talent Acquisition Manager.

21. Plaintiff was hired into a remote-designated role, along with his team, and was classified as a remote employee.

22. Plaintiff successfully performed all essential job functions remotely for approximately three years.

23. Plaintiff was never disciplined or placed on a performance improvement plan.

24. Remote work was proven effective and fully compatible with Plaintiff's essential job functions.

### B. Disability and Approved Accommodation

25. Plaintiff has disabilities within the meaning of the ADA, including anxiety, depression, panic-related symptoms, migraines, and obstructive sleep apnea.

26. Defendant had actual knowledge of Plaintiff's disabilities.

27. Plaintiff requested continued remote work as a reasonable accommodation.

28. Defendant approved that accommodation in or around summer 2024.

29. Plaintiff continued performing successfully under that arrangement.

### C. RTO Policy Overrides Accommodation

30. Defendant implemented return-to-office requirements.

31. Plaintiff was pressured to relocate despite:

- approved accommodation,

- medical limitations, and

- proven performance.

32. Defendant did not conduct any individualized undue hardship analysis.

33. Defendant applied a uniform policy instead of individualized accommodation.

## D. THE BREAKPOINT EVENT

34. On or about December 17, 2024, Defendant removed Plaintiff from his accommodation and working status, stating:

"The request for restrictions or accommodations will be administered through the disability claim."
(Exhibit D)

35. This action was not a neutral administrative step. It constituted:

- removal from active work,

- forced transition to leave, and

- elimination of Plaintiff's income pathway.

## E. MANAGEMENT DIRECTIVE → STD (CAUSATION)

36. Plaintiff was instructed by management, including Charlene Blevins, that short-term disability was the "best option."

37. Plaintiff relied on that directive in good faith.

38. Plaintiff's STD claim was denied.

39. Defendant then stated:

"Because your disability was denied, then you wouldn't be paid for that time frame."
(Exhibit B)

40. This establishes a direct causal chain:

- employer directive → STD → denial → wage loss.

## F. ADMISSION THAT ACCOMMODATION WAS VALID

41. Defendant later admitted:

"We can approve the job accommodation… continue to work from Tampa."
(Exhibit B)

42. This confirms:

- the accommodation was reasonable, and

- its removal was unnecessary.

## G. NO PROCESS / NO WAY OUT

43. Defendant informed Plaintiff:

"There is no formal appeal process."
(Exhibit C)

44. Plaintiff was left without:

- income,

- accommodation, and

- meaningful recourse.

## H. POLICY OVER INDIVIDUAL RIGHTS

45. Defendant stated:

"Other people weren't afforded that opportunity."
(Exhibit B)

46. Defendant prioritized uniform policy over individualized accommodation, in violation of the ADA.

## I. ECONOMIC HARM

47. Plaintiff lost income beginning January 2025.

48. Plaintiff suffered:

- vehicle repossession,

- approximately $20,000 deficiency balance,

- credit damage and financial instability.

49. These harms were the direct and foreseeable result of Defendant's actions.

## J. CONSTRUCTIVE DISCHARGE

50. Plaintiff faced:

- no pay,

- no accommodation,

- relocation pressure.

51. Defendant's conduct created objectively intolerable conditions.

52. A reasonable person in Plaintiff's position would have felt compelled to resign.

53. Plaintiff's employment ended on or about May 12, 2025.

## VI. CAUSES OF ACTION

### COUNT I – DISABILITY DISCRIMINATION (ADA)

54. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

55. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

56. Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation, including through remote work, which Defendant had already approved and implemented.

57. Defendant subjected Plaintiff to adverse employment actions, including but not limited to:

- revocation and interference with a previously approved accommodation,

- removal from active working status,

- redirection to an unpaid disability pathway, and

- actions culminating in constructive discharge.

58. Defendant's actions were taken because of Plaintiff's disability and need for accommodation.

59. But for Plaintiff's disability, Defendant would not have subjected Plaintiff to the adverse actions described herein.

60. As a direct and proximate result, Plaintiff suffered damages.

### COUNT II – FAILURE TO ACCOMMODATE (ADA)

61. Plaintiff realleges and incorporates all preceding paragraphs.

62. Plaintiff requested a reasonable accommodation in the form of continued remote work.

63. Defendant approved and implemented that accommodation.

64. The accommodation was effective and allowed Plaintiff to perform his job successfully.

65. Defendant later revoked, interfered with, or failed to maintain that accommodation.

66. Defendant did not conduct an individualized undue hardship analysis.

67. Defendant's actions violated its obligation to provide reasonable accommodation under the ADA.

68. Plaintiff suffered damages as a result.

## COUNT III – FAILURE TO ENGAGE IN INTERACTIVE PROCESS

69. Plaintiff realleges all prior paragraphs.

70. Defendant had a duty to engage in a good-faith interactive process.

71. Defendant failed to engage in meaningful dialogue regarding continued accommodation.

72. Instead, Defendant unilaterally shifted Plaintiff toward relocation or disability leave.

73. Defendant failed to explore reasonable alternatives.

74. Defendant's failure resulted in the loss of Plaintiff's employment and income.

## COUNT IV – RETALIATION (ADA)

75. Plaintiff realleges all prior paragraphs.

76. Plaintiff engaged in protected activity by requesting and utilizing an accommodation.

77. Defendant subjected Plaintiff to materially adverse actions, including:

- undermining his accommodation,

- removing him from active work status,

- directing him into a process resulting in loss of income.

78. There is a causal connection between Plaintiff's protected activity and Defendant's actions.

79. Defendant's actions would dissuade a reasonable employee from engaging in protected activity.

**COUNT V – ADA INTERFERENCE (42 U.S.C. § 12203(b))**

80. Plaintiff realleges all prior paragraphs.

81. Defendant interfered with Plaintiff's exercise and enjoyment of rights protected by the ADA.

82. Defendant discouraged and penalized Plaintiff's use of his approved accommodation.

83. Defendant created conditions that made continued reliance on the accommodation untenable.

84. Defendant's conduct had the purpose and effect of interfering with Plaintiff's protected rights.

**COUNT VI – CONSTRUCTIVE DISCHARGE**

85. Plaintiff realleges all prior paragraphs.

86. Defendant created working conditions that were objectively intolerable.

87. These conditions included:

- removal of a working accommodation,

- loss of income,

- lack of recourse or appeal,

- continued pressure to relocate.

88. A reasonable person in Plaintiff's position would have felt compelled to resign.

89. Plaintiff was constructively discharged as a result.

**COUNT VII – DISPARATE TREATMENT (DISABILITY)**

90. Plaintiff realleges all prior paragraphs.

91. Defendant treated Plaintiff less favorably than similarly situated employees without disabilities.

92. Defendant applied policies in a manner that disproportionately harmed Plaintiff due to his disability.

93. Defendant failed to provide individualized treatment as required under the ADA.

## COUNT VIII – UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT

94. Plaintiff realleges all prior paragraphs.

95. Defendant altered the terms and conditions of Plaintiff's employment.

96. These changes disproportionately impacted Plaintiff due to his disability and accommodation needs.

97. Plaintiff was denied equal employment conditions afforded to others.

## COUNT IX – PROMISSORY ESTOPPEL

98. Plaintiff realleges all prior paragraphs.

99. Defendant made clear and definite representations that Plaintiff could continue working remotely.

100.    Plaintiff reasonably relied on those representations.

101.    Defendant later withdrew that arrangement.

102.    Plaintiff suffered substantial harm as a result of that reliance.

103.    Injustice can only be avoided by enforcement of Defendant's promise.

## COUNT X – NEGLIGENT MISREPRESENTATION

104.    Plaintiff realleges all prior paragraphs.

105.    Defendant represented that short-term disability was an appropriate course of action.

106.    Defendant knew or should have known that reliance on this representation could result in loss of income.

107.    Plaintiff reasonably relied on Defendant's guidance.

108.    That reliance resulted in financial harm.

109.    Defendant failed to exercise reasonable care.

## COUNT XI – BREACH OF IMPLIED CONTRACT / POLICY

110.    Plaintiff realleges all prior paragraphs.

111.    Defendant maintained policies governing accommodations and employment practices.

112.    Defendant failed to follow its own policies.

113.    Plaintiff was harmed as a result.

## COUNT XII – BAD FAITH EMPLOYMENT PRACTICES

114.    Plaintiff realleges all prior paragraphs.

115.    Defendant acted in bad faith by:

- removing a functioning accommodation,

- directing Plaintiff into a process likely to fail,

- failing to restore Plaintiff to working status.

116.    Defendant's conduct was intentional, reckless, and unjustified.

117.    Plaintiff suffered significant harm as a result.

## VII. DAMAGES

118.    Plaintiff suffered:

- back pay and lost wages

- front pay and loss of earning capacity

- lost benefits

- emotional distress

- financial and credit damage

- disruption of medical care

119.    Defendant acted with reckless indifference.

120.    Plaintiff is entitled to punitive damages.

## VIII. PRAYER FOR RELIEF

Plaintiff requests:

A. Judgment in his favor
B. Back pay and benefits
C. Front pay
D. Compensatory damages
E. Punitive damages
F. Interest
G. Costs
H. Equitable relief
I. Jury trial

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Signature _____    Date _24 MAR 26_

Randy K. Strickland II
11453 Alachua Creek Ln,
Riverview, FL, 33579
813-566-2161
rksii@outlook.com
Plaintiff, pro se